UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>RANDALL D. McREYNOLDS,<br><br>  Defendant. | No. CR-10-00026-JLQ<br><br>SENTENCING FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This matter came regularly on for sentencing commencing on September 30, 2010 and concluded on October 1, 2010. The Defendant had pled guilty to two separate felony charges, distribution of heroin on March 12, 2009 and possession of heroin on March 19, 2009 with the intent to distribute it. The Government was represented by Matthew F. Duggan, Assistant United States Attorney. The Defendant was present in person and with his attorney, Roger Peven, Federal Defender. Also present was United States Probation Officer Brenda Challinor, the Guideline Specialist for this court.

Various objections to the Presentence Report were filed by counsel for the Defendant and ruled upon by the court:

Objection No. 1: The Defendant objected to the statement in ¶ 19, page 6 concerning items of allegedly stolen property found in the search of the Defendant's residence. Counsel for the Defendant stated in his objection that "all items seized by law enforcement were returned in a subsequent state proceeding." This statement is not accurate. The response by the court's Probation Officer Challinor established that "several items were not returned as they were confirmed to have been stolen in two burglaries. These items included a laptop computer and two cable boxes." The

ORDER - 1

Presentence Report was amended to include these findings.

Objection No. 2: ¶ 20, pages 6 & 7. Two locked gun safes were found in the Defendant's residence in which were located handguns, rifles, a shotgun and ammunition. Found in one of the safes was a baggie containing 245 grams of heroin on which the Defendant's fingerprints were found. The Defendant's fingerprints were not found on any of the weapons and the key to the safe containing the firearms was not found in the Defendant's possession. The Presentence Report accurately set forth these facts.

Objection No. 3-¶ 22, page 7. The revised Presentence Report accurately reflects that $8,669 of cash was seized from the Defendant and his residence. $2500 of that money was retained by the police representing the proceeds of the sale of heroin by the Defendant on March 12, 2009, 6 days prior to the search of his residence. Also retained was $1,300 of cash found on the Defendant's person at the time of his arrest.

Objection No. 4-¶s 25 & 26, page 7. The Defendant asserted that he was entitled to a 3 level reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. 3E1.1(a) and (e). At the time of entry of his pleas of guilty the Defendant contended that he was trying to get drugs on the street. That statement was false. On September 30, 2010, at sentencing, the Defendant testified under oath that the heroin found in the safe at his residence was not his and that it had been delivered to him in his vehicle, away from his residence, by a person named "Dave" who asked him to hold the heroin for delivery to another person. The court found that testimony to not be credible. At the time of his arrest the Defendant had informed the officers that the heroin had been delivered to him at his residence to hold for another person. The Defendant denied ownership of the heroin. The court found this testimony lacked credibility. The court further found that even though the Defendant had entered pleas of guilty, he had not truthfully admitted the conduct comprising the offense of conviction. As such the Defendant had not "clearly demonstrated acceptance of responsibility for his offenses"

ORDER - 2

and was not entitled to have his Offense Level reduced. See *United States v. Velasco-Merlina,* 305 F. 3d 839, 853 (9th Cir, 2002) and *United States v. Silvious*, 512 F. 3d 364, 370 (7th Cir. 2007). Note 3 of 3 U.S.S.G. E1.1 states that "a defendant who enters a guilty plea is not entitled to the adjustment under this section as a matter of right." This finding also precludes the third level reduction for timely entry of his pleas. Since the Defendant had not truthfully admitted the conduct comprising the offenses of conviction, the court determined that the Defendant's Offense Level should not be reduced therefor.

Objection No. 5-¶ 30, page 8. Gun enhancement. The Defendant objected to the proposed 2 level increase in the Offense Level by reason of his possession of firearms in connection with the March 18, 2009 offense (Count II). This proposed increase was based upon the firearms found in the safe adjacent to the safe containing the baggie of heroin with the Defendant's fingerprints. No key to the safe was found in the Defendant's possession and the testimony of the Defendant's son was that the firearms were his, despite the police report that he had stated that they were not. While not without question, the court found that this enhancement was not established by a preponderance of the evidence and therefore this 2 level increase in the Offense Level was not added.

**OFFENSE LEVEL**

Based upon the foregoing, the court found the sentencing Offense Level to be a Level 26.

**CRIMINAL HISTORY**

At the commencement of the sentencing hearing the court advised the Defendant and counsel that it had serious reservations as to whether Criminal History Category III adequately reflected the Defendant's true criminal history.

The Presentence Report , which speaks for itself, calculated that the Defendant's extensive criminal history resulted in only 6 Criminal History points, even though, at a minimum, the Defendant has been convicted of 7 felonies commencing with a 1993

ORDER - 3

cocaine distribution conviction and continuing through 1998 when the Defendant was sentenced to 477 months in prison in Stevens County Superior Court, state of Washington for 7 felon**ies.** That sentence was subsequently reduced to 138 months following appeals. Those 7 felony convictions, including stolen property and firearms charges, resulted in only 3 criminal history points being included in his 6 Criminal History points. A person having 7 Criminal History points is placed in Criminal History Category IV. The Sentencing Guidelines provide that in determining whether a defendant's criminal history points under-represent a defendant's true criminal history, the court must analyze a defendant's entire criminal history in making the determination as to the likelihood that the defendant will commit other crimes. Mr. McReynolds innumerable criminal history charges and convictions convince this court of the likelihood that he would, if not incarcerated for an extensive period of time, likely commit further serious crimes. Many of the criminal charges against Mr. McReynolds were for various reasons, in some instances after conviction and sentencing (see ¶s 111 & 113),dismissed The dismissed charges were not the basis for this court's Criminal History Category determination. At a minimum, the Defendant's prior 7 felony convictions, even though in some instances somewhat related, convinced this court that placing Mr. McReynolds in Criminal History Category III would seriously under-represent his true criminal history and his likelihood to reoffend. For this reason the court found that Mr. McReynolds' true criminal history was more accurately represented by Criminal History Category IV. Even at sentencing, the Defendant stated that he had committed many other offense for which he had not been charged.

## GUIDELINE CALCULATION

Based upon an Offense Level of 26 and a Criminal History of Category IV, the Sentencing Guideline range was 92-115 months. Following consideration of the factors set forth in 18 U.S.C. § 3553(a) and the fact that pleas of guilty were timely entered, the court determined that an appropriate sentence on each of the two Counts was a term of

ORDER - 4

92 months to run concurrent with one another, followed by Supervised Release on each Count of 8 years to run concurrent to one another.

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 5th day of October, 2010.

                s/ Justin L. Quackenbush
              JUSTIN L. QUACKENBUSH
     SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5